| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF PENNSYLVANIA<br><br>Brian C. Nicholas, Esq. (317240)<br>KML Law Group, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>Direct Number: (201) 549-2366<br>bnicholas@kmllawgroup.com<br>Attorneys for Long Term Capital Partnership V LLC | |
| In Re:<br><br>    Timothy D. Carr,<br><br>                  Debtor. | Case Number: 23-20786-CMB<br>Adv. Proc. Number: 23-2083-CMB<br><br>Chapter : 13 |
| TIMOTHY D. CARR,<br>      Plaintiff,<br>vs.<br>LONG TERM CAPITAL PARTNERSHIP V LLC,<br>STATEBRIDGE COMPANY LLC,<br>WENTWOOD ASSET MANAGEMENT LLC,<br>GREENWICH INVESTORS XXXIII, LLC,<br>DBI COINVESTMENT FUND VIII, LLC,<br>      Defendants. | |

**ANSWER TO ADVERSARY COMPLAINT**

Defendant, Statebridge Company, LLC; Long Term Capital Partnership V LLC a/k/a LTCP V LLC; and Wentwood Asset Management LLC, by way of Answer to the Complaint to Determine Secured Status and Objection to Claim of Long Term Capital Partnership V LLC [Claim No. 14], alleges and says as follows:

1

**STATEMENT OF JURISDICTION**

1. In so far as the allegations set forth a legal conclusion, no answer is required. As to the remainder, Defendant admits that jurisdiction is appropriate in the United States Bankruptcy Court for the Western District of Pennsylvania.

2. In so far as the allegations set forth a legal conclusion, no answer is required. As to the remainder, Defendant admits that venue is appropriate in the United States Bankruptcy Court for the Western District of Pennsylvania.

3. In so far as the allegations set forth a legal conclusion, no answer is required. As to the remainder, Defendant admits that this is a core proceeding.

4. In so far as the allegations set forth a legal conclusion, no answer is required. As to the remainder, Defendant consents to the entry of final orders or judgment by the bankruptcy court.

**THE PARTIES**

5. Admitted.

6. Admitted as to the name and address of the Defendant Long Term Capital Partnership V LLC. Regarding the additional information, Defendant is without sufficient knowledge to affirm or deny this averment. Strict proof is demanded at the time of trial.

7. Admitted that the Court's docket reflects the information about the name and address for Statebridge Company LLC; for anything not reflected on the Court's docket, Defendant lacks knowledge sufficient to admit or deny and leaves Plaintiff to his proofs. Strict proof is demanded at the time of trial.

8. Admitted that LTCP V, LLC is an abbreviated version of Long Term Capital Partnership V LLC. Admitted that LTCP V, LLC was the named plaintiff in the described State Court Action, that such action was filed in the Court of Common Pleas of Butler County, Pennsylvania as Docket No. 2022-10687, and that such action was pending at the time the instant bankruptcy petition was filed. As to the averment that LTCP V, LLC is an "alter ego" of Long Term Capital Partnership V, is a legal conclusion to which no response is required. As to the remaining information, Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

9. As to the averment that Wentwood Asset Management LLC has the authority to bind Long Term Capital V, LLC and LTCP V, LLC, that is a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to affirm or deny the averment. As to the remaining information, Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial..

10. Denied that Greenwich Investors XXXIII, LLC is the last party named as holder of the Second Mortgage on the property located at 286 Great Belt Road, Butler, PA 16002. Regarding the remaining information, Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

11. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

## FACTUAL BACKGROUND

12. Admitted.

13. Denied.

14. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

15. Defendant admits that the Court's docket reflects this information; for anything not reflected on the Court's docket, Defendant lacks knowledge sufficient to admit or deny and leaves Plaintiff to his proofs. Strict proof is demanded at the time of trial.

16. Admitted.

17. Admitted.

18. Defendant admits that the Proof of Claim reflects this information; for anything not reflected on the Proof of Claim, Defendant lacks knowledge sufficient to admit or deny and leaves Plaintiff to his proofs.

19. Admitted.

20. Admitted.

21.

    a. Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial.

    b. Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    c. Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    d.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    e.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    f.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    g.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    h.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    i.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

    j.  Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial. Strict proof is demanded at the time of trial.

22. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

23. Denied.

24. Denied.

25. Denied.

## COUNT I

26. No answer is required.

27. The allegations set forth a legal conclusion, therefore no answer is required.

28. The allegations set forth a legal conclusion, therefore no answer is required.

29. The allegations set forth a legal conclusion, therefore no answer is required.

30. The allegations set forth a legal conclusion, therefore no answer is required.

31. Denied.

32. Denied.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

## COUNT II

33. No answer is required.

34. Denied.

35. Denied.

36. Denied, Defendant is in possession of the original note and entitled to enforce same.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment

be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

## COUNT III

37. No answer is required.

38. The allegations set forth a legal conclusion, therefore no answer is required.

39. The allegations set forth a legal conclusion, therefore no answer is required.

40. The allegations set forth a legal conclusion, therefore no answer is required.

41. The allegations set forth a legal conclusion, therefore no answer is required.

42. Denied.

43. Admitted in so far as the documents speak for themselves. Denied as to the rest. Strict proof is demanded at the time of trial.

44. Denied.

45. Denied.

46. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

47. The allegations set forth a legal conclusion, therefore no answer is required.

48. Denied.

49. The allegations set forth a legal conclusion, therefore no answer is required.

50. Denied.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment

be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

## COUNT IV

51. No answer is required.

52. The allegations set forth a legal conclusion, therefore no answer is required.

53. The allegations set forth a legal conclusion, therefore no answer is required.

54. The allegations set forth a legal conclusion, therefore no answer is required.

55. The allegations set forth a legal conclusion, therefore no answer is required.

56. The allegations set forth a legal conclusion, therefore no answer is required.

57. The allegations set forth a legal conclusion, therefore no answer is required.

58.
   a. Denied.
   b. Denied.
   c. Denied.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

## COUNT V

62. No response is required.

63. Denied.

64. Denied.

65. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

66. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

67. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

68. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

69. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

70. Denied.

71. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

72. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

73. The allegations set forth a legal conclusion, therefore no answer is required.  To the extent an answer is required, denied.

74. Admitted in so far as the document speaks for itself.  Denied as to the rest.

75. Denied.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

### **COUNT VI**

76. No response is required.

77. The allegations set forth a legal conclusion, therefore no answer is required. To the extent an answer is required, denied.

78. Denied.

79. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

### **COUNT VII**

80. No response is required.

81. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

82. Defendant is without sufficient knowledge to affirm or deny the averments. Strict proof is demanded at the time of trial.

83. Admitted.

84. The allegations set forth a legal conclusion, therefore no answer is required.

85. The allegations set forth a legal conclusion, therefore no answer is required.

86. The allegations set forth a legal conclusion, therefore no answer is required.

87. The allegations set forth a legal conclusion, therefore no answer is required.

88. Admitted.

89. Denied.

WHEREFORE, Defendant, Long Term Capital Partnership V LLC, demands judgment be entered in its favor, dismissing the adversary proceeding with prejudice and any other relief this Honorable Court deems appropriate.

**/s/ Brian Nicholas, Esquire**
Brian Nicholas, Esquire
**KML Law Group, P.C.**
701 Market Street, Suite 5000
Philadelphia, PA 19106
(215)627-1322
(201)549-2363 (Direct)
bnicholas@kmllawgroup.com
Attorney for Defendants Statebridge Company, LLC; Long Term Capital Partnership V a/k/a LTCP V, LLC; and Wentwood Asset Management, LLC

Dated: December 4, 2023